UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIC J. BLAKE,

                    Petitioner,

      - *against* -

LEO PAYANE, Superintendent, Mohawk Correctional Facility,

                  Respondent.

08 Civ. 0930 (PAC) (PED)

**REPORT AND RECOMMENDATION**

---

TO:    THE HONORABLE PAUL A. CROTTY,
         UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Petitioner Eric J. Blake, ("Petitioner"), previously incarcerated at the Mohawk Correctional Facility, sought, through his *pro se* petition, a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that this petition be **DISMISSED** for failure to prosecute.[1]

## II. BACKGROUND

By petition executed on January 8, 2008, Petitioner filed for a writ of *habeas corpus* from his 2004 conviction entered in Dutchess County Court for criminal sale of a controlled substance in the third degree.

On July 21, 2008, the Honorable Mark D. Fox, United States Magistrate Judge, entered an Order, at Petitioner's request, staying the instant petition for thirty days to allow Petitioner to file a collateral motion in state court. (Docket No. 10). Judge Fox's Order stated that "[i]f Petitioner files such an application within that time, the petition will remain stayed until 30 days

---

[1] This matter comes before me pursuant to a Revised Order of Reference dated February 13, 2008 (Docket No. 5), transferred to the undersigned on January 12, 2009 (Docket No. 11).

after he has completed his efforts to exhaust his . . . claim." (Id.) Each party was directed to "advise the Court when any time limit has passed such that the petition should no longer be stayed." (Id.) The docket reflects that the copy of Judge Fox's Order mailed to Petitioner's address of record was returned as undeliverable on or about July 31, 2008.

Petitioner has not provided the Court with notice of any change of address. The New York State Department of Correctional Services Inmate Information website indicates that Petitioner was released on July 24, 2008, and includes the following notation: "07/24/08 SUPPLMNTAL MERIT IMIGRATION."

On August 24, 2010, I directed Respondent to advise the Court as to (1) the status of any collateral motion in state court that Petitioner has filed; (2) Petitioner's current whereabouts; and (3) whether there is any basis to dismiss the petition as moot. (Docket No. 12).

On November 3, 2010, Respondent submitted a response which has since been docketed. (Docket No. 17). Respondent states: (1) despite Petitioner's request, no record exists that he has ever pursued collateral relief in state court; (2) on July 24, 2008, Petitioner was released from the New York State Department of Corrections to the custody of U.S. Immigration and Customs Enforcement ("ICE"); (3) on September 25, 2008, Petitioner was deported to Jamaica; (4) ICE officials do not have a current address for Petitioner; and (5) Petitioner has a prior felony conviction in New York State which independently prevents Petitioner from re-entering this country.

### III. DISCUSSION

A. **Involuntary Dismissal Under Fed. R. Civ. P. 41(b)**

The Supreme Court has long recognized the "inherent power" of a District Court to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. Link v. Wabash R.R. Co., 370

U.S. 626, 630 (1962). This authority, which is necessary to permit the "orderly and expeditious disposition of cases," id. at 631, is now codified in the Federal Rules of Civil Procedure. Rule 41(b) permits the Court, upon motion of the defendant, to involuntarily dismiss an action when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); see also Rules Governing § 2254 Cases in the United States District Courts, R. 12; Fed. R. Civ. P. 81(a)(4) (permitting a court to apply the Federal Rules of Civil Procedure to *habeas corpus* proceedings). Although the text of Fed. R. Civ. P. 41(b) "expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link, 370 U.S. at 630).

To determine whether dismissal for failure to prosecute is warranted, the Court must examine five criteria, specifically, whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Sys United States *ex rel.* Drake v. Norden ., Inc., 375 F.3d 248, 254 (2d Cir. 2004). However, "[n]o one factor is dispositive," and the ultimate decision of whether to dismiss should be made "in light of the record as a whole." Id.

Here, the first factor weighs in favor of dismissal because this case has lain dormant for more than two and one-half years, during which time the Petitioner has failed to do so much as to update the Court concerning his whereabouts. As to the second factor, the Court has no

3

means of giving Petitioner notice. "[A]s this Court has no current address for [Petitioner], any attempt to further warn [Petitioner] of [his] responsibilities and the consequences of [his] continued failure to prosecute this action would be futile." Lukensow v. Harley Cars, 124 F.R.D. 64, 66 (S.D.N.Y. 1989). The third factor also weighs in favor of dismissal because when a plaintiff has unreasonably delayed, prejudice to the defendants may be presumed. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). As to the fourth factor, relating to docket management, "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that [Petitioner] will reappear in the future." Davison v. Grillo, 2006 WL 2228999, at *2 (E.D.N.Y. 2006). Finally, as to the fifth factor "no lesser sanction would be effective, since petitioner would be unaware that any sanction had been imposed." Lewis v. Power, 2007 U.S. Dist. LEXIS 3363, at *4 (W.D.N.Y. 2007).

The duty to inform the Court and defendants of any change of address is "an obligation that rests with all *pro se* plaintiffs." Handlin v. Garvey, 1996 WL 673823, at * 5 (S.D.N.Y. 1996). Petitioner – who was released from Respondent's custody in July 2008 and was subsequently deported to Jamaica – has failed to comply with this obligation and indeed appears to have abandoned this action. Accordingly, I respectfully recommend that this action be dismissed with prejudice for failure to prosecute.[2]

## IV. CONCLUSION

For the reasons set forth above, I conclude – and respectfully recommend that Your Honor should conclude – that the petition be **DISMISSED WITH PREJUDICE**.

---

[2] In view of this recommendation, I do not reach Respondent's alternative suggestion that Petitioner's pre-existing felony narcotics conviction renders the petition moot. See Perez v. Greiner, 296 F.3d 123, 126 (2d Cir. 2002).

4

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Paul A. Crotty at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Crotty.

Dated: March 9, 2011
      White Plains, New York

                              Respectfully Submitted,

                              Paul E. Davison
                              United States Magistrate Judge
                              Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

      The Honorable Paul A. Crotty
      United States Courthouse
      500 Pearl Street
      New York, New York 10007-1312

Eric J. Blake
#04-R-3528
Mohawk Correctional Facility
6100 School Road
P.O. Box 8450
Rome, N.Y. 13442

Bridget Rahilly Steller, Esq.
Office of the Dutchess County District Attorney
Dutchess County Courthouse
236 Main Street
Poughkeepsie, NY 12601