```
                                                      USDC SNY
                                                      DOCUMENT
UNITED STATES DISTRICT COURT                          ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                         DOC #: _____
                                                      DATE FILED: February 7, 2012
```

------------------------------------------------------ x
ERIC J. BLAKE,                                   :
                                                 :
                Petitioner,       :
                                                 :
   - against -                                  :    08 Civ. 0930 (PAC) (PED)
                                                 :
LEO PAYANE, Superintendent, Mohawk               :    ORDER ADOPTING R&R
Correctional Facility,                           :
                                                 :
                Respondent.       :
------------------------------------------------------ x

HONORABLE PAUL A. CROTTY, United States District Judge:

      Pro Se Petitioner Eric Blake petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, from his 2004 conviction and sentence in the County Court of Dutchess County for both criminal sale and possession of a controlled substance in the third degree.  On January 8, 2008, Blake filed his petition while he was incarcerated at the Mohawk Correctional Facility in Rome, New York.  On July 24, 2008, he was released into the custody of Immigration and Customs Enforcement ("ICE"), and was deported to Jamaica on September 25, 2008.[1]  On March 9, 2011, Magistrate Judge Paul E. Davison issued a Report and Recommendation ("R&R") concluding that this Court should dismiss Blake's petition with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

      This Court has reviewed the R&R in its entirety.  For the reasons that follow, the Court adopts Magistrate Judge Davison's Report and Recommendation.  Blake's petition is, therefore, DISMISSED with prejudice.

---

[1] Although Blake is no longer in custody, he was incarcerated at Mohawk Correctional Facility at the time he filed his habeas petition, fulfilling the threshold "in custody" requirement of 28 U.S.C. § 2254(a).  See Maleng v. Cook, 490 U.S. 488, 492 (1988) (the "in custody" requirement is satisfied when "the petitioner had been in physical custody under the challenged conviction at the time the petition was filed.").

1

## **BACKGROUND**[2]

Blake was convicted at trial of two counts of Criminal Sale of a Controlled Substance in the Third Degree, a Class B felony; two counts of Criminal Possession of a Controlled Substance in the Third Degree, also a Class B felony; and one count of Criminal Sale of Marijuana in the Fourth Degree, a Class A Misdemeanor.  On August 9, 2004, he was sentenced as a Second Felony Offender to indeterminate terms of four and one-half to nine years on the felony counts and a one-year determinate sentence with respect to the misdemeanor, to run concurrently.  On October 3, 2005, the Appellate Division affirmed his conviction, and the New York Court of Appeals denied leave to appeal.

On January 8, 2008, Blake, proceeding pro se, filed for a writ of habeas corpus.  (Docket No. 2.)  In his petition, he argues that the trial court denied him the opportunity to cross examine the prosecution's key witness, in violation of his Sixth Amendment rights.  On February 8, 2008, this Court referred this case to a magistrate for general pretrial matters.  (Docket No. 3.)  On July 21, 2008, Magistrate Judge Mark D. Fox issued an order granting Blake's request to stay his petition for thirty days to allow him to file a collateral motion in state court.  (Docket No. 10.)  The parties were directed to "advise the Court when any time limit has passed such that the petition should no longer be stayed."  (Id.)  A copy of the order was sent to Blake and was returned as undeliverable on or about July 31, 2008.

On July 24, 2008, Blake was released into ICE custody. He has not updated his address with the Court.  On November 3, 2010, Respondent advised the Court that there are no records showing that Blake pursued collateral relief in state court, and that Blake was deported to Jamaica on September 25, 2008.  (Docket No. 17.)

---

[2] Facts are taken from the R&R unless otherwise indicated.

On March 9, 2011, Magistrate Judge Paul E. Davison issued an R&R recommending that the Court dismiss Blake's petition pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute his case.  Magistrate Judge Davison observed that Blake allowed his case to lay dormant for more than two and one-half years, and that Blake failed to update the Court with his whereabouts.  Written objections to the R&R were due within fourteen days pursuant to 28 U.S.C. § 636(b)(1) and none were filed.

## DISCUSSION

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C). "The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record."  Feehan v. Feehan, No. 09 Civ. 7016 (DAB), 2001 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011).

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Although the language of Rule 41(b) "expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).  In deciding whether to dismiss for failure to prosecute, courts in this district examine the following five factors:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a

party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Martens v. Thomann 273 F.3d 159, 180 (2d Cir. 2001).

## CONCLUSION

Magistrate Judge Davison found that these criteria were satisfied here. Blake has allowed his case to lay dormant for more than two and one half years, and he has failed to update his address with the Court. Blake has not shown good cause for his unreasonable delay and has abandoned his action. Having considered Magistrate Judge Davison's Report and Recommendation and finding no clear error in its analysis, Blake's petition for a writ of habeas corpus is dismissed with prejudice. The Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
February 6, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies Mailed By Chambers To:

Eric J. Blake
#04-R-3528
Mohawk Correctional Facility
6100 School Road
P.O. Box 8450
Rome, NY 13442

Bridget Rahilly Steller
Office of the District Attorney
County of Dutchess
Dutchess County Courthouse
236 Main Street
Poughkeepsie, NY 12601

4